FILED

03 APR -1 PM 1:39

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
APR 1 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

WILLIE MAE DANIELS, et al., }
                             }
    Plaintiffs,               }
                             }   CIVIL ACTION NO.
v.                           }   02-AR-0886-M
                             }
CITY OF GADSDEN, et al.,     }
                             }
    Defendants.              }

**MEMORANDUM OPINION**

This is a multi-claim, fact-intensive case, in which four plaintiffs have filed similar but materially different complaints against two defendants who have different positions vis-a-vis each plaintiff. The evidence bearing on who did what to whom and why is conflicting and complicated, but the facts essential for deciding certain of the issues upon summary consideration are not disputed. Some of the apparent claims either were never really intended by plaintiffs or have been expressly or implicitly abandoned by them. As to any contentions not argued by plaintiffs in their filings in opposition to defendants' motion for summary judgment, the court has no obligation to discuss them. They are outlined in defendants' reply brief filed on February 7, 2003, and as to those possible contentions defendants' motion for summary judgment will be granted, if for no reason other than to make sure that the parties understand what issues remain for trial. This leaves for discussion plaintiffs' claims that find some support in their brief and evidentiary submission in opposition to defendants' Rule 56 motion.

The complaint arises out of the arrests of the plaintiffs that took place on April 7, 2000, and the prosecutions that followed. Plaintiffs

claim that their constitutional rights were violated by defendant, Chase Jenkins ("Jenkins"), a policy officer of defendant, City of Gadsden ("Gadsden"), and by Gadsden. The court necessarily accepts as true for the purposes of Rule 56 evaluation, all evidence offered by non-movants and all inferences that can logically be drawn from that evidence in favor of non-movants.

Defendants do not seek total summary judgment and do not argue that no plaintiff can obtain a jury determination of some of his or her claims. In other words, defendants, like plaintiffs, make concessions at this stage. For instance, evidence that Jenkins physically abused plaintiff, Eric Daniels, and pepper sprayed plaintiff, Willie Mae Daniels, constitute enough evidence of excessive force to preclude Jenkins' qualified immunity defense as to those claims, and Jenkins does not deny it. This is not an unremarkable concession by Jenkins in view of the stream of recent cases from the Eleventh Circuit, reaffirming that court's conviction that public officials should enjoy immunity from § 1983 liability in all cases except those very few in which the official act complained of is both egregious and an obvious and well understood violation of a well recognized constitutional right. *See Willingham v. Loughnan*, 2003 WL 351200 (11th Cir., Feb. 18, 2003); *Smith v. Siegleman*, 2003 WL 556965 (11th Cir., Feb. 28, 2003); and *Wood v. Kesler*, 2003 WL 722756 (11th Cir., Mar. 4, 2003). Despite the Eleventh Circuit's recognition that public officials are given the benefit of every doubt as to what they could reasonably have known constituted the violation of a federal right, physical abuse and warrantless invasion of a private dwelling house during or after an arrest, assuming that plaintiffs' version of the facts is to be believed, cannot constitute a justifiable

police practice under any analysis. The other plaintiffs, Deshunnor Porter and James Bell, have not presented evidence of excessive force or wrongful search of sufficient substantiality to overcome Jenkins' qualified immunity defense. All claims of false arrest, false imprisonment and malicious prosecution brought under § 1983 against Jenkins are precluded by his qualified immunity. Nothing that he did and that plaintiffs describe in terms of false arrest, false imprisonment and malicious prosecution was not so obviously impermissible to a person in Jenkins' position under constitutional norms as to deny him qualified immunity.

Basically agreeing with defendants' motion for partial summary judgment on the facts as stated by plaintiffs themselves, the court finds that the undisputed facts lead to the grant of partial judgment, which will be entered by separate order.

DONE this 1st day of April, 2003.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE